UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL BONNER,

    Plaintiff,

vs                                                    Case No:   12-11642
                                                    Honorable Victoria A. Roberts

AMTRUST BANK,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**I.   INTRODUCTION**

Before the Court is Defendant Federal Deposit Insurance Company's ("FDIC"), as receiver for Defendant AmTrust Bank ("AmTrust"), motion to dismiss and/or for summary judgment. For the reasons that follow, Defendant's motion to dismiss is **GRANTED**.

**II.   Facts**

    **A.   Background and Procedural History**

This lawsuit represents the culmination of several years of failed attempts by Plaintiff to set aside a 2009 foreclosure of real property located at 44530 Thorton Lane, Novi, MI 48375 (the "Property"). Because Plaintiff failed to exhaust his administrative remedies against the FDIC, this suit also fails.

On May 19, 2005, Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender Kaye Financial

1

Corporation ("Kaye") against the Property, in exchange for a loan in the amount of $504,000.00. On December 22, 2008, the mortgage was assigned from MERS to AmTrust Bank.

In 2009, Plaintiff defaulted on the mortgage due to nonpayment of the monthly installments. AmTrust initiated foreclosure by advertisement proceedings and a sheriff's sale occurred on October 20, 2009, with AmTrust as the high bidder. The redemption period expired on April 20, 2010; Plaintiff did not redeem the Property.

Plaintiff first sued AmTrust in Oakland County Circuit Court to challenge the foreclosure. That case was dismissed on August 17, 2010 by way of a motion for summary disposition.

After the expiration of the redemption period, Defendant filed summary proceedings in Michigan 52-1 District Court to obtain possession of the Property. On October 5, 2010, AmTrust was granted a possession judgment. Plaintiff appealed that decision to the Circuit Court but the appeal was dismissed in February 2011 for failure to comply with court rules.

Following the dismissal of Plaintiff's appeal, Defendant moved the state district court for issuance of a writ of restitution so that it could take possession of the Property. However, on April 22, 2011, three days prior to the scheduled hearing on the motion for writ of restitution, Plaintiff filed for bankruptcy. The bankruptcy case was dismissed on May 31, 2011 for Plaintiff's failure to submit documents. Plaintiff filed a second bankruptcy case on August 12, 2011; it was dismissed as well on August 24, 2011.

In what appears to be an attempt to delay Defendant's repossession of the Property, Plaintiff next filed three motions to set aside the judgment of possession dated

October 5, 2010, all of which were denied.  A writ of restitution was issued on March 26, 2012.  Plaintiff was finally evicted from the property on March 30, 2012, two and a half years after the sheriff's sale.

It is worth noting that on December 4, 2009, the Office of Thrift Supervision closed AmTrust and appointed the FDIC as receiver (Doc. 3-8).  That same day, the FDIC accepted its appointment as receiver (Doc. 3-9).

In summary, without even getting to the present lawsuit, discussed below, Plaintiff filed: one failed lawsuit in Oakland County Circuit Court; a failed appeal of a judgment of possession; three failed motions to set aside the judgment of possession; and two bankruptcy cases that were dismissed for lack of documentation.  Plaintiff is nothing if not persistent.

### B.     The Present Lawsuit

Plaintiff filed this case in Oakland County Circuit Court on January 3, 2012, three days before he was required to vacate the Property.  Plaintiff sought a preliminary injunction, which was denied.  On February 1, 2012, Defendant removed the case to the United States District Court for the Northern District of Ohio.  That court entered an order on February 8, 2012, substituting the FDIC as defendant in place of AmTrust, as receiver for AmTrust (Doc. 3-5).  The court subsequently held that cross-state removal is not permitted, though, under either the general removal statute, 28 U.S.C. § 1441, or the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1819, which gives the FDIC a statutory right to remove most cases in which it is a party (Doc. 3-7).  Accordingly, the case was remanded to the Oakland County Circuit Court on March 29, 2012, and removed to this Court on April 19, 2012.

Plaintiff's allegations are opaque, but they seem to hinge upon the claim that the mortgage assignment from MERS to AmTrust was invalid, and, therefore, the foreclosure sale was invalid because AmTrust lacked authority to foreclose.

Plaintiff's Complaint consists of seven counts.  Count I states that the 52-1 District Court lacked subject matter jurisdiction to issue its judgment of possession because Defendant lacked standing to sue for possession.  Count II alleges that Defendant perpetrated fraud upon the 52-1 District Court by initiating a wrongful foreclosure.  Count III is for concert of action, and alleges that Defendant acted in concert with MERS and the closing law firm to prevent Plaintiff from discovering the fraudulent foreclosure.  Count IV is for wrongful foreclosure, and alleges that AmTrust lacked the statutory authority to foreclose.  Counts V-VI are for violation of criminal statutes for fraudulent conveyance and contempt of court arising out of the foreclosure proceedings.  Count VII alleges fraudulent concealment, that Defendant concealed from Plaintiff the fact that it had no statutory authority to foreclose.

Defendant says that Plaintiff's Complaint must be dismissed for four reasons: (1) the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies; (2) Plaintiff's arguments are barred by res judicata; (3) Plaintiff lacks standing to challenge the underlying foreclosure because the statutory redemption period has expired; and (4) there is no genuine issue of material fact that the foreclosure was conducted in compliance with Michigan statutes.

### III.     ANALYSIS

**A. Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Aschcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than mere labels and conclusions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). Here, the Court considered documents relating to the mortgage and the foreclosure which are referenced in the Complaint and central to Plaintiff's claims.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the court's subject matter jurisdiction. A Rule 12(b)(1) motion may either attack the claim of jurisdiction on its face, or the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). On a factual jurisdictional attack, such as this one, "the Court may consider evidence outside the pleadings to resolve factual disputes

concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## B.  The Court Lacks Subject Matter Jurisdiction Because Plaintiff Failed to Exhaust Administrative Remedies

The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") was enacted during the savings and loan insolvency crisis to enable the FDIC to efficiently and expeditiously wind up the affairs of failed financial institutions. *See Lewis v. Boyd*, 398 F.3d 735, 739 (6th Cir. 2005). Section 1821 of FIRREA establishes an administrative process for handling claims against a failed bank that has been placed into receivership. 12 U.S.C. § 1821(d).

Here, because AmTrust is a failed bank placed into FDIC receivership, the FDIC was properly substituted as Defendant. If this Court is to have jurisdiction, Plaintiff must first have exhausted FIRREA's administrative claims process. The Sixth Circuit explained:

> Upon its appointment as receiver, FDIC is required to publish notice that the failed institution's creditors must file claims with FDIC by a specified date not less than ninety days after the date of publication. 12 U.S.C. § 1821(d)(3)(B). FDIC is also required to mail notice to all known creditors of the failed institution. [12 U.S.C.] § 1821(d)(3)(C). It has 180 days from the date of filing to allow or disallow claims. [12 U.S.C.] § 1821(d)(5)(A)(i). Claimants have sixty days from the date of disallowance, or from the expiration of the 180-day administrative decision deadline, within which to seek judicial review in an appropriate United States district court. [12 U.S.C.] § 1821(d)(6)(A).

*Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 384-85 (6th Cir. 2008) (citation omitted).

In this case, the FDIC published the required notice under 12 U.S.C. § 1821(d)(3)(B)(i) for AmTrust's creditors to present their administrative claim to the FDIC

by March 10, 2010 (Doc. 3-10).  It is undisputed that Plaintiff did not file an administrative claim by the bar date, and, in fact, has never filed an administrative claim with the FDIC.  As the Sixth Circuit explained in *Oakwood*, Plaintiff's failure to file an administrative claim is fatal:

> Section 1821(d) clearly establishes a process for the administrative review of "any claim against a depository institution for which the Corporation is receiver." 12 U.S.C. § 1821(d)(6)(A)(i). Pursuant to § 1821(d)(6)(B)(ii), if a party fails to comply with the statutory time limitations, any claim that a party has "shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim."
>
> 539 F.3d at 385.

Because Plaintiff did not file an administrative claim within the period provided by Section 1821(d)(6), he has "no further rights or remedies with respect to such claim." *Id.  See also Benchick v. Lonestar Lending, Inc.*, Nos. 10-12996, 11-10277 2011 WL 3441266 (E.D. Mich. Aug. 5, 2011).

> FIRREA also contains an express limitation on judicial review:
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.
>
> 12 U.S.C. § 1821(d)(13)(D).

"This provision expressly bars courts from hearing any claim or action for payment from or action seeking a determination of rights with respect to the assets of a failed bank

7

held by the FDIC as receiver, unless the administrative claims process is exhausted." *Jackson v. FDIC*, No. 09-10991 2010 WL 653151 (E.D. Mich. Feb. 19, 2010) (citing *Freeman v. FDIC*, 56 F.3d 1394, 1400 (D.C.Cir. 1995)). In addition, "[FIRREA] precludes a court from *acquiring* jurisdiction *after* the receiver is appointed." *Lewis*, 398 F.3d at 744 (emphasis in original).

Although Plaintiff's claims arise under multiple legal theories, each essentially challenges the foreclosure sale and eviction from the Property, and seeks a determination of the parties' rights and interests with regard to the Property. Each claim is an "an action seeking a determination of rights" with respect to an asset of an institution under the FDIC's receivership. Accordingly, the Court concludes that it lacks jurisdiction over all of Plaintiff's claims, and the Complaint must be dismissed. *See, e.g., Bradley v. Mortgage Electronic Registration System*, No. 11-02492, 2012 WL 443198 (N.D. Ohio Feb. 10, 2012) (holding that the court lacked jurisdiction to hear claims for damages and injunctive relief against AmTrust where plaintiff failed to pursue administrative claims after appointment of FDIC as receiver); *Jackson*, 2010 WL 653151 at *4-5 (holding that FIRREA's limitation on judicial review applied to claims of quiet title, unjust enrichment, and violation of the Fair Debt Collection Practices Act); *Crenshaw v. GMAC Mortgage, LLC*, No. 09-11417 2010 WL 330370 (E.D. Mich. Jan. 21, 2010) (holding that the court lacked jurisdiction to hear all claims arising out of a challenged foreclosure sale).

Plaintiff does not address any of the controlling law set forth above. He merely argues that he "made no attempt to serve the FDIC because he was not aware that the FDIC was in any way involved" (Doc. 4, p.11). At some point, though, it is clear that

8

Plaintiff became aware that AmTrust had been closed and placed into FDIC receivership; Plaintiff's own Complaint mentions the fact, and he attaches a news article to his response to Defendant's motion to dismiss discussing the receivership. When Plaintiff became aware of this fact, he should have investigated how his legal rights were affected, and filed an administrative claim at that time. Nowhere does Plaintiff argue that the FDIC's published notice regarding the time by which AmTrust's creditors were required to file claims was deficient. That Plaintiff allegedly did not know he was required to file an administrative claim rather than a lawsuit does not vest this Court with jurisdiction.

Because Plaintiff's claims fall within FIRREA's jurisdictional bar and Plaintiff failed to exhaust these claims through the FDIC's administrative claims process, the court does not have jurisdiction. Plaintiff's Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Moreover, because the Court concludes that it lacks jurisdiction, it need not consider the parties' other arguments.

## IV.  CONCLUSION

The Court lacks jurisdiction to consider Plaintiff's Complaint. Defendant's motion to dismiss is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

**IT IS ORDERED**.

    /s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  June 28, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 28, 2012.
>
> S/Linda Vertriest
> Deputy Clerk